## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUCILLE DeANGELIS and                 :
FRANK DeANGELIS                        :
1301 Tall Trees Drive                  :
Scranton, PA 18505                     :
                                       :     NO:
      Plaintiffs             :
                                       :
V.                                     :
                                       :
CLK MULTIFAMILY MANAGEMENT, LLC        :
5545 Murray Road, 3rd Floor            :
Memphis, TN 38119                      :
                                       :
      Defendant              :

### COMPLAINT

AND NOW COME the Plaintiffs, Lucille DeAngelis and Frank DeAngelis, by and

through their undersigned counsel and file the following civil action and in support thereof aver

as follows:

### JURISDICTION

1.   This action is one over which the federal court has original jurisdiction pursuant to Title

     28, United States § 1332 since each amount in controversy exceeds a sum or value of

     Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, and is between

     parties of different states.

### PARTIES

2.   The Plaintiffs, Lucille DeAngelis (hereinafter "DeAngelis") and Frank DeAngelis, are

     adult, competent individuals currently residing at 1301 Tall Trees Drive, Scranton,

     Pennsylvania, 18505.

3.    Upon information and belief, CLK Multifamily Management, LLC,(hereinafter, "CLK"), is a Tennessee corporation authorized to do business in the Commonwealth of Pennsylvania with corporate business addresses located at 5545 Murray Road, 3rd Floor, Memphis, Tennessee 38119.

4.    Upon information and belief, CLK owns/manages/operates/controls/maintains and/or is legally responsible for a premises located in Scranton, PA known as Tall Trees a/k/a, d/b/a, t/a, t/d/b/a Tall Trees Apartments a/k/a, d/b/a, t/a, t/d/b/a Tall Trees Apartment Homes (hereinafter collectively "Tall Trees") located at 2000 Tall Trees Drive, Scranton, PA 18505, where DeAngelis resides in a three bedroom apartment.

5.    At all times mentioned herein, and for some time prior thereto, CLK operated through its agents/servants/workmen and/or employees, had under its control the supervision and/or construction and/or maintenance and/or control and/or management of Tall Trees.

## FACTS

6.    On or about August 8, 2010, DeAngelis exited her first floor apartment in her motorized/ electric scooter and started to ascend a ramp (hereinafter "the ramp") to gain access to a main sidewalk behind her apartment. As she neared the top of the aforementioned ramp, suddenly and without warning, her scooter was caused to tip and/or topple to her right and backwards and down a grade back towards her apartment complex. She struck the ground with such force that she suffered serious and permanent injuries to be more particularly set forth below.

7.    The ramp was constructed/designed/maintained in such a manner so as to be the direct and proximate cause of DeAngelis' scooter loss of balance, subsequent fall and her

2

resulting injuries.

**COUNT I - NEGLIGENCE**
**Lucille DeAngelis v. CLK Multifamily Management, LLC**

8.     DeAngelis incorporates by reference the paragraphs 1 through 7, above as if the same

were set forth fully herein at length.

9.     At the time of the aforementioned incident, the carelessness and negligence of CLK, by

and through their agents/servants/workmen/employees consisted of the following:

   a)     CLK negligently caused and/or permitted the aforesaid defective conditions to

   remain upon the premises constituting a dangerous and defective condition of

   which CLK had or should have had prior notice;

   b)     CLK failed to exercise due care and reasonable care in keeping said ramp safe and

   then giving notice to their leaseholders, including DeAngelis, of this condition;

   c)     CLK failed in its duty to keep the ramp in such a condition as to not create an

   unreasonable risk of harm to leaseholders, such as DeAngelis;

   d)     CLK caused the ramp to exist in such a condition as to create an unreasonable risk

   of harm to leaseholders including DeAngelis;

   e)     CLK knew, or by the exercise of reasonable care, could discover the aforesaid

   conditions, which CLK should have realized involved an unreasonable risk of

   harm to leaseholders, including DeAngelis, and CLK had no reason to believe that

   said leaseholders, including DeAngelis, would discover the condition or would

   realize the risk involved, and CLK invited the leaseholders, including DeAngelis,

   to enter and remain up and depart from the said premises using the ramp without

3

exercising reasonable care to make the condition reasonably safe, and/or to give a warning adequate to enable the leaseholders, including DeAngelis, to avoid the harm;

f)    CLK failed to have adequate and proper warnings and other notices and/near the ramp;

g)    CLK failed to exercise such care as a prudent person would exercise under all of the circumstances of the particular case;

h)    CLK failed to inspect the ramp to discover the dangerous conditions and to use care to not to injure the leaseholders, including DeAngelis;

i)    CLK did not provide a railing for any portion of the ramp thus creating a dangerous condition to exist;

j)    CLK breached their duty to implied assurance of preparation and reasonable care for the protection and safety of those using the ramp;

k)    CLK is further liable since they are the supervisors and/or constructors and/or maintainors and/or controllers and/or managers and/or possessors of the aforesaid ramp who knew or by the exercise of reasonable care would discover the aforesaid conditions and should have realized it involved and unreasonable risk of harm to leaseholders, including DeAngelis, and should have expected that the said leaseholders would not discover or realize the danger, or will fail to protect themselves against it, and CLK failed to exercise reasonable care to protect the leaseholders, including DeAngelis, against the danger;

l)    CLK failed to provide proper maintenance of the ramp and attendant structures

4

causing a dangerous condition to exist;

m) CLK failed to procure and install adequate safety devices;

n) CLK failed to maintain the ramp so as to furnish users of the ramp;

o) CLK allowed the ramp to have an excessive threshold height thus creating a dangerous condition to exist;

p) CLK allowed the ramp to have an excessive maximum allowable running slope and/or maximum allowable rise thus creating a dangerous condition to exist;

q) CLK allowed the ramp to have an excessive maximum allowable cross slope thus creating a dangerous condition to exist;

r) CLK allowed the ramp to have an inadequate landing less than the minimum length required thus creating a dangerous condition to exist;

s) CLK allowed the ramp to have no handrails thus creating a dangerous condition to exist;

t) CLK allowed the ramp to not have edge protection and/or curbing and/or a barrier thus creating a dangerous condition to exist;

u) CLK allowed the ramp to violate ADA requirements with regard to the size, slope, cross slope, thresholds and clearances thus creating a dangerous condition to exist; and,

v) negligence per se.

10. As a result of the aforementioned deficiencies and/or inadequacies in the preceding averment as well as the careless and negligent conduct of CLK, DeAngelis has suffered serious and permanent injuries including, but not limited to, injuries to the nerves,

5

ligaments, tendons, muscles and soft tissues of the body; aggravation of pre-existing

conditions; bruises and contusions; injuries to her right shoulder and arm; and other

injuries throughout the body.

11.    As a result of the careless and negligent conduct of CLK, DeAngelis has been forced to

undergo medical treatment for her injuries and may continue to undergo medical

treatment into the future.

12.    As a result of the careless and negligent conduct of CLK, De Angelis has been caused to

incur medical expenses and will continue to incur said medical expenses and other

expenses for an indefinite period of time into the future.

13.    As a result of the careless and negligent conduct of CLK, DeAngelis has suffered great

pain, mental anguish, interruption of her lifestyle, scarring and disfigurement, and mental

and physical suffering and will continue to do so for an indefinite period of time into the

future.

WHEREFORE, Plaintiff, Lucille DeAngelis, demands judgment in her favor and against

the Defendant, CLK Multifamily Management, LLC, in an amount in excess of Seventy-Five

Thousand Dollars ($75,000) plus interest and costs.

## COUNT II - LOSS OF CONSORTIUM
### Frank DeAngelis v. CLK Multifamily Management, LLC

14.    Plaintiff, Frank DeAngelis, incorporates by reference the paragraphs 1 through 13, above

as if the same were set forth fully herein at length.

15.    As a direct and proximate result of CLK's carelessness and negligence as set forth above,

the Plaintiff, Frank DeAngelis, has suffered a loss of the comfort, society, and services

and consortium of his wife, Lucille DeAngelis.

WHEREFORE, Plaintiff, Frank DeAngelis, demands judgment in his favor and against the Defendant, CLK Multifamily Management, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) plus interest and costs.

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

/S/ *Paul T. Oven, Esquire*
PAUL T. OVEN, ESQUIRE
Attorney I.D. No. 77106
75 Glenmaura National Boulevard
Moosic, PA 18507
Phone:  (570) 347-1011
Facsimile: (570) 347-7028
Email:  ptoven@dlplaw.com